# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-0178V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LISA LIS,                        *
                                 *      Special Master Oler
                  Petitioner,    *      Filed: September 24, 2019
       v.                        *
                                 *      Petitioner's Motion for a Decision;
SECRETARY OF HEALTH              *      Dismissal of Petition; Vaccine
AND HUMAN SERVICES,              *      Act; Denial Without Hearing.
                                 *
                  Respondent.    *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY for Petitioner.

*Heather Lynn Pearlman*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 2, 2017, Lisa Lis ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a Shoulder Injury Related to Vaccine Administration ("SIRVA"), including a left labrum tear, bursitis, and left shoulder impingement, as a result of the influenza ("flu") vaccination that she received on October

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2, 2015.³  Petition ("Pet.") at 1, ECF No. 1.  In her petition, Petitioner claimed the onset of her symptoms as immediate. Pet. at 2.  Petitioner filed medical records on February 13, 2017 and December 4, 2017. ECF Nos. 7, 21.  Petitioner filed her first affidavit on February 13, 2017 and her second affidavit on February 15, 2018.  Ex. 7, 14.

On October 11, 2017, Respondent filed a Rule 4(c) Report ("Resp's Rept."). ECF No. 19.  Respondent stated that Petitioner had not provided evidence that satisfied her burden of proof under *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274 (Fed. Cir. 2005), specifically noting that she did not seek medical attention for her shoulder until six months after receiving the allegedly causal flu vaccination. Resp's Rept. at 5.  Respondent further stated that Petitioner's records support a finding of onset no earlier than January 2016, when Petitioner did not report shoulder pain at her physical exam. *Id.* at 5.  Respondent concluded that "[P]etitioner has failed to meet her evidentiary burden," and that "this case is not appropriate for compensation under the Vaccine Act." *Id*.

On December 4, 2017, Petitioner submitted an affidavit from her husband, Mr. Joshua Markle. Ex. 9.  On January 11, 2018, Petitioner submitted an affidavit from her former coworker and personal friend, Ms. Margaret Willis. Ex. 11.  On February 15, 2018, she submitted affidavits from her son, Mr. Sage Lis-Robinson, (Ex. 15) and her daughter, Ms. Saabrah White (Ex. 16).

I issued an order on August 1, 2018, scheduling a fact hearing in this case to determine onset of Petitioner's injuries. ECF No. 44.  I conducted the hearing on December 19, 2018 in Washington, D.C., via VCT. *See* Minute Entry of February 1, 2019.

Following the fact hearing, Petitioner filed a motion to issue a subpoena on April 30, 2019 in order to obtain receipts from purchases at BJ's Wholesale Club and Target made during October 2015.  ECF No. 48.  On June 6, 2019, I issued an order granting the motion.  ECF No. 49.

Petitioner filed receipts from Target and BJs (Exs. 17, 18) on July 8, 2019 and indicated in a status report filed that same day that Petitioner had filed all the documentation ordered during the December 2018 fact hearing.  ECF No. 52.

I issued my Ruling on Onset on July 26, 2019. ECF No. 53.  In that Ruling, I determined the onset date of Petitioner's left shoulder pain to be around January 27, 2016. *Id*.  I ordered Petitioner to file an expert report supporting that onset date or a status report indicating how she intends to proceed by September 24, 2019. *Id*.

On September 23, 2019, Petitioner filed a Motion for a dismissal decision. ECF No. 55.  My chambers contacted the parties by email on September 23, 2019, to confirm that Petitioner intends for judgment to not be entered in this case.  In an email conversation with Petitioner's counsel on that same date, counsel informed my chambers that Petitioner prefers that an involuntary dismissal decision pursuant to Rule 21(b) be issued, thereby entering judgment against Petitioner.

---

³ This case was originally assigned to the Special Processing Unit. ECF No. 4.  The case was then reassigned to my docket on April 26, 2018. ECF No. 43.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim, therefore, cannot succeed and in accordance with her motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master